IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIEGO IVAN GARDUÑO PIÑA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No: |
| ) | |
| ) | |
| ERIKA CARBAJAL CHAVEZ, ) | |
| ) | |
| Respondent. ) | |

**VERIFIED COMPLAINT AND
<u>PETITION FOR RETURN OF MINOR CHILDREN</u>**

Petitioner, Diego Ivan Garduño Piña, through his attorneys, Beermann LLP, Pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("**The Hague Convention**"), and the International Child Abduction Remedies Act (22 U.S.C. § 9001 *et. seq*.) ("ICARA"), Petitions this Honorable Court to Order the immediate return of the minor children who were wrongfully removed from Mexico to the United States by Respondent, Erika Carabajal Chavez. In support thereof, Diego respectfully states as follows:

**Introduction**

1. This action is brought by Petitioner, Diego Ivan Garduño Piña, a citizen of Mexico, to secure the return of his two children, J.A.G.C., born November 25, 2016, currently age 8, and V.G.C., born November 22, 2017, currently age 7, who were, without Diego's consent or acquiescence, wrongfully removed from Mexico and

brought to Aurora, Illinois, by Respondent, Erika Carabajal Chavez, a citizen of Mexico and the minor children's mother, on or about September 12, 2024.

2. This Petition is filed pursuant to the Hague Convention,[1] and the International Child Abduction Remedies Act (22 U.S.C. § 9001 *et. seq.*) ("ICARA").

3. The objects of the Hague Convention are: (a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

## Jurisdiction and Venue

4. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a), and venue is proper pursuant to 22 U.S.C. § 9003(b) and 28 U.S.C. §1391(b) because, upon information and belief, Erika and the minor children are residing at the home of Erika's brother, Jorge Carbajal Chavez, at 1160 Norwood Lane, Aurora, DuPage County, Illinois 60504 ("Norwood Residence")[2]. Upon information and belief, Jorge is a citizen of the United States.

## Statement of Facts

5. Diego and Erika are the parents of the minor children.

6. The parties do not have a certificate of marriage; however, upon information and belief, the parties may be considered married under common law in Mexico.

---

[1] Oct. 25, 1980, T.I.A.S. No, 11,670 at 1, 22514 U.N.T.S. at 98, reprinted in 51 Fed. Reg. 10494 (1986).
[2] A copy of a letter dated July 25, 2025 from the United States Department of State concerning the children's residency at Norwood Residence is attached hereto as **Exhibit A.**

7. On November 25, 2016, Erika gave birth to J.A.G.C. in Naucalpan de Juarez, Mexico.

8. On November 22, 2017, Erika gave birth to V.G.C. Naucalpan de Juarez, Mexico.

9. Until approximately September 12, 2024, when Erika wrongfully removed the children from Mexico, the parties and their minor children lived together at familial residence located at Cerrada 2 de Junio #10, Colonia 3 de Mayo, Naucalpan de Juárez, Mexico.

10. At the time Erika wrongfully removed the children from Mexico, the minor children attended school at the Juan Escutia school where J.A.G.C. was in third grade and V.G.C. was in second grade.

11. On Thursday, September 12, 2024, Diego woke up at approximately 4:30 a.m. and left the family's residence shortly thereafter to go to work. At that time, Erika was already awake. Due to Mexico's Independence Day (and other holidays recognized in Mexico that are associated with celebrating Mexico's Independence Day), school was not in session and the children did not attend school on September 12, 2024.

12. At approximately 2:30 p.m. on September 12, 2024, Erika informed Diego that her brother, Jorge Carbajal Chavez, came to Mexico from the United States. Erika told Diego that Jorge was getting married in Mexico and that Jorge needed to obtain certain documents from the U.S. Embassy in Mexico. Upon information and belief, Jorge came to Mexico alone.

13. At approximately 3:40 p.m. on September 12, 2024, Diego arrived home from work. When Diego arrived, Erika and the minor children were not home. Since it was a holiday and the children were not in school, Diego did not have cause to be concerned that Erika was not home, and Diego assumed the minor children were with her.

14. Shortly after Diego arrived home from work, he received a phone call from Erika. During their call, Erika told Diego that he should be happy for her because Jorge was getting married. Erika informed Diego that the children were okay, and that Jorge would be staying at the Sheraton Hotel in Mexico City, Mexico. During his call with Erika, Diego also spoke with Jorge. Jorge informed Diego that he came to pick up Erika and the children, and that they were going to visit Erika's aunt, Herme, in Chalco, Mexico. However, Diego went to the Sheraton Hotel in Mexico later that day and was told by staff that no one by Erika's name had ever checked in to the hotel.

15. On Friday, September 13, 2024, Erika sent Diego photos of the children in front of the Cuitlahuac Monument in Mexico City, Mexico. Diego asked Erika if the children were okay, and Erika confirmed the children were fine.

16. On Saturday, September 14, 2024, Diego spoke with his mother and mentioned to her that Erika and Jorge took the children to visit Erika's aunt, Herme.

17. Between 2:00 and 3:00 p.m. on September 14, 2024, Diego's mother sent a message to Erika asking how the children were doing. In response, Erika sent Diego's mother the same photos of the children in front of the Cuitlahuac Monument

in Mexico City, Mexico that Erika had sent to Diego the day before, on September 13, 2024.

18. Between 7:00 and 8:00 p.m. on September 14, 2024, Erika called Diego and told him that she and Jorge were taking the children to visit her aunt, Herme, and that she and the children would return home on September 15, 2024 to celebrate Mexico's Independence Day together. During their call, Erika told Diego that the children were okay, and that they spent the day with her aunt, Herme, who prepared a special meal for the holiday celebration.

19. On Sunday, September 15, 2024, Diego adhered to his normal daily routine (i.e., woke up, went to work, came home, etc.). At approximately 3:00 p.m., when Erika had not returned home with the minor children as stated, Diego repeatedly called Erika, but she did not answer or return Diego's calls. Instead, Diego received a text message from Erika stating that she could not talk, and that the children were fine. Additionally, Erika sent Diego an audio message of the children, in which the children told Diego that they missed him, that they were doing fine, that they were planning on going to the beach, and jokingly told Diego not to drink too much beer. Erika said she would return home on Monday, September 16, 2024.

20. At approximately 2:00 p.m. on Monday, September 16, 2024, Diego and his family gathered at his uncle, Eduardo's home for a celebration with the intent to have dinner together that evening. In conversations with his family, at approximately 6:00 p.m., Diego mentioned the events that transpired beginning on Thursday, September 12, 2024. In response, Diego's sister asked him if he had checked their

home to see if the children's documents (i.e., birth certificate, baptism documents, etc.) were still at the residence.

21. Diego immediately left his sister's house and went home, arriving shortly after 6:00 p.m., to see if the children's documents were still at the family's residence. In searching for the children's records, Diego noticed that the following items were missing: the children's birth certificates, the children's baptism documents, the children's Clave Única de Registro de Población ("CURP") documents (a unique identification code assigned to all Mexican citizens, similar to a United States social security number), family photos, an electronic tablet, and two cell phones.

22. Upon learning that the above-mentioned documents were missing, Diego began calling and sending Erika messages. Erika did not return any of Diego's calls or answer any of his messages.

23. At approximately 7:00 p.m., Diego went to the public ministry and prosecutor's office in Mexico City, Mexico to report that Erika and the minor children were missing. Diego remained at the prosecutor's office from approximately 7:00 p.m. on September 16, 2024 until 9:30 a.m. on September 17, 2024, during which time Diego filed a missing person's report and requested the activation of an Amber Alert.

24. On September 17, 2025, Diego filed a Hague Application seeing the return of the minor children to Mexico. A copy of Diego's Hague Application is attached hereto as **Exhibit B.**

**Wrongful Removal and Retention of Minor Children by Respondent**

25. As set forth in detail above, mid-September, 2024, Erika has wrongfully removed the minor children from Mexico and continues to wrongfully retain the minor children in the State of Illinois, United States, in violation of Article 3 of the Hague Convention and despite Diego's efforts to have the children returned to Mexico.

26. Diego never acquiesced or consented to any permanent removal or relocation of the children from Mexico to any place, including the United States, or their living permanently outside of Mexico and the custody of Diego.

27. Erika's removal of the minor children is wrongful within the meaning of Article 3 of the Hague Convention because:

   a. It is in breach of the rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the children were habitually resident immediately before the removal and retention; and

   b. At the time of removal or retention, those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

28. Diego has rights of custody over the children because he is their father, and he resided with them and Erika until Erika unlawfully removed them from Mexico and retained them in Illinois. Erika's wrongful removal of the children to Illinois is in breach of Diego's custody rights.

29. Since September 2024, and at all times thereafter, Diego would have otherwise been able to exercise his custody rights over the children in Mexcio and within the meaning of Articles 3 and 5 of the Convention but for Erika's wrongful removal and retention of the children in Illinois.

30. The children and the family habitually resided in Mexico within the meaning of Article 3 of the Hague Convention.

31. The children are both under the age of 16 and as such, the Hague Convention applies to them.

32. This Petition is filed less than one year from the time Erika wrongfully removed the children from Mexico.

## Provisional Remedies

33. Section 9004 of the ICARA provides that, "[i]n furtherance of the objectives of article 7(b)[3] and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 4(b) of this Act may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

---

[3] "Central Authorities shall co-operate with each other and promote co-operation amongst the competent authorities in their respective States to secure the prompt return of children and to achieve the other objects of this Convention. In particular, either directly or through any intermediary, they shall take all appropriate measures (b) to prevent further harm to the child or prejudice to interested parties by taking or causing to be taken provisional measures."

34. Diego requests that this Court issue an immediate order restraining Erika from removing the children from the jurisdiction of this Court and directing any United States Marshal or other law enforcement officer to bring the children before this Court. Diego also asks this Court to schedule an expedited hearing on the merits of this Petition.

35. Diego requests that this Court issue an immediate order preventing Erika from unilaterally enrolling the children in Illinois schools or having them treated by an Illinois medical provider absent emergent circumstances.

36. Diego requests that this Court issue an immediate order to confiscate any and all passports and other travel documentation of the minor children and Erika during the pendency of these proceedings so that the children cannot be removed without court order until they are rightfully returned to the custody of their father.

37. In an effort to ensure that contact between the children and Diego is not hampered, Diego seeks to immediately implement daily, unrestricted physical, telephone and/or video access with the children without supervision until these proceedings are resolved allowing the children to be rightfully returned to their home in Mexico.

## ATTORNEY FEES AND COSTS
### 22 .S.C. §9007

23 Diego will incur costs as a result of the wrongful removal of the children by Erika.

24	Diego respectfully requests that this Court award him all costs and fees, including transportation costs, housing costs in the United States and the like as well as attorney fees, incurred as required by 22 U.S.C. §9007.

## NOTICE OF HEARING
## 22 U.S.C. §9003(c)

25	Pursuant to 22 U.S.C. §9003(c), Erika shall be given notice of these proceedings in accordance with the laws governing notice to interstate child custody proceedings,

**WHEREFORE**, Petitioner, Diego Ivan Garduño Piña, through his attorneys, Beermann LLP, respectfully requests that this Honorable Court enter an order:

A.	Enjoining and restraining the Respondent, Erika Carabajal Chavez, or anyone acting as her agent or on her behalf, from removing the minor children from the jurisdiction of this Court;

B.	Setting this matter for expedited hearing on a date certain on the merits of this instant Petition;

C.	Establishing that the minor children shall be returned to Mexico, where an appropriate custody determination can be made by a Mexican Court under Mexico's laws; and

D.	Granting him such other and further relief as this Honorable Court deems equitable and just.

Respectfully submitted,

**DIEGO IVAN GARDUÑO PIÑA,**

By:/s/ *Matthew D. Elster*
One of His Attorneys

Matthew D. Elster
**BEERMANN LLP**
161 North Clark Street, Suite 3000
Chicago, IL 60601
(312) 621-9700
mdelster@beermannlaw.com

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

DATED: 2025-08-28

DIEGO IVAN GARDUÑO PIÑA